IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATRESE L. BEACHUM | § | |
| | § | |
| V. | § | 1:17-CV-00095-AWA |
| | § | |
| NANCY A. BERRYHILL, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Brief (Dkt. No. 13), Defendant's Brief (Dkt. No. 14), and Plaintiff's Reply (Dkt. No. 15). Also, before the Court is the Social Security Record filed in this case. (Cited as "Tr.")

**I. GENERAL BACKGROUND**

On February 28, 2013, Plaintiff Katrese L. Beachum filed her Applications for Supplemental Security Income ("SSI") and Social Security Disability Insurance Benefits ("DIB"), alleging in both applications that she became disabled on February 28, 2013, due to back problems, anxiety, obesity, and a learning disability. Tr. at 75, 87, 101, 114. After the agency denied Ms. Beachum's applications initially and on reconsideration, she requested an administrative hearing, which she attended with her representative Angenette Saltsman on April 28, 2015, before ALJ Sherrill A. LaPadre Cavalho. Tr. at 32-74, 99-100, 127-128, 146. Ms. Beachum was 32 years-old at the time of the hearing and testified that she is a high school graduate and was previously employed as a companion and a home attendant (DOT 309.677-010, 354.377-014). *Id.*

After reviewing the evidence and testimony, the ALJ issued her decision finding that Ms. Beachum was not disabled as defined by the Social Security Act. Tr. at 14-25. The Appeals Council

concluded that there was no basis for review and that the ALJ's decision was the "final decision of the Commissioner of Social Security." Tr. at 1. Ms. Beachum has exhausted her administrative remedies and now seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

## II. LEGAL STANDARDS

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in substantial gainful activity, will not be found to be disabled no matter what the medical finding are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. A finding of disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden

then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance —in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders,* 914 F.2d at 617. ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III. THE ALJ'S FINDINGS

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Beachum was disabled. 20 C.F.R. § 404.1520(a). Ms. Beachum was represented at the

3

hearing by attorney Angenette Saltsman. Ms. Beachum and a vocational expert, Dr. Jessica Earl, testified at the hearing.

On July 8, 2015, the ALJ issued her opinion concluding that Ms. Beachum was not disabled under the Social Security Act. In her decision, the ALJ found that Ms. Beachum met the insured status requirements of the Social Security Act through March 31, 2019. Tr. at 16. The ALJ found that Ms. Beachum did not engage in substantial gainful activity during the period after her alleged onset date of February 28, 2013. *Id.* The ALJ found that Ms. Beachum suffered from severe impairments of morbid obesity, history of acute traumatic spine injury, lumbago and sciatica, asthma, generalized anxiety disorder, posttraumatic stress disorder (PTSD), depressive disorder and learning disorder. Tr. at 16; 20 C.F.R. 404.1520(c) and 416.920(c). But the ALJ determined that Ms. Beachum does not have a combination of impairments that meet or medically equal the severity of an impairment found in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ further found that Ms. Beachum's subjective complaints and alleged functional limitations were not fully credible and were not supported by the evidence of record. Tr. 20-21. The ALJ opined that Ms. Beachum retained the residual functional capacity to perform a light level of work with the following limitations:

> The claimant can only occasionally balance, stoop, kneel, crouch and crawl. The claimant can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to pulmonary irritants, such as fumes, odors, dust, gases and poorly ventilated areas. From a mental standpoint, the claimant is able frequently to interact with coworkers and supervisors. She can occasionally interact with the public. From a general educational development (GED) standpoint, the claimant retains the reasoning, mathematics, and language abilities to perform simple work with understanding and carrying out simple one-or two-step instructions, dealing with standardized situations with occasional or no variables in situations encountered on the job, performing basic arithmetic operations, and functioning corresponds to reasoning (R), mathematics

(M), and language (L) development described in the Dictionary of Occupational Titles (DOT) at levels R1-2, M1-2, L1-2.

Tr. at 18-19. Although the ALJ found that Ms. Beachum could not perform her past relevant work as a companion or home attendant, the ALJ concluded that Ms. Beachum could perform a significant range of light work in the national economy, such as working as a bottling line attendant, a photo machine operator, or an office helper. Thus, the ALJ concluded that Ms. Beachum was not disabled under the Social Security Act.

Ms. Beachum argues that: (1) the ALJ's RFC determination is not supported by substantial evidence because the ALJ rejected all medical opinions of record; and (2) the ALJ's credibility determination is not supported by substantial evidence because the ALJ did not consider all of the evidence. Dkt. No. 13 at 10.

## IV. ANALYSIS

Ms. Beachum argues that the ALJ's RFC determination is not supported by substantial evidence because "[t]here was no . . . opinion evidence in the record to inform the ALJ of what functional limitations were caused by Plaintiff's impairments." Dkt. No. 13 at 11-12. To support this assertion, Ms. Beachum claims that the ALJ granted little weight to the opinion of the treating physician, gave no weight to the State Agency Medical Consultants at the reconsideration level, did not discuss or weigh the opinions of the State Agency Medical Consultants at the initial level, and failed to mention Dr. Arizmendez's opinion that Ms. Beachum "could perform sedentary work if she underwent vocational evaluation," which logically means that Beachum could not perform light work, as it is greater than sedentary. *Id*. at 11. Beachum asserts that Dr. Arizmendez's opinion was the only other medical opinion in the record that was considered by the ALJ, and that opinion

5

supported the conclusion that Beachum is disabled. Tr. 407-08. Additionally, Ms. Beachum contends that there is no opinion evidence nor objective evidence in the record to support the ALJ's determination of Ms. Beachum's mental impairments. *Id*. at 15. In sum, Beachum argues that the ALJ rejected all medical opinions in the record and improperly relied upon her own opinion to determine Beachum's RFC, which is in contravention of Fifth Circuit law. *Williams v. Astrue*, 355 Fed. Appx. 828, 832 (5th Cir. 2009). Beachum asserts that the ALJ cannot reject all medical opinions in the record, without other medical opinions in the record that support the limitations set forth in the RFC. *Id.*

> The ALJ gave Beachum's treating physician's opinion "little weight," stating:
>
> The undersigned has considered the opinion of the claimant's primary care physician, who stated in January 2014 that, due to lumbago, sciatica and chronic pain, the claimant would need unscheduled breaks every one to two hours, could never lift ten or more pounds, and is not capable of sustaining full time employment. The opinion of a treating physician is entitled to great weight when supported by objective medical evidence and consistent with other substantial evidence of record . On the other hand, a statement that a claimant can or cannot perform a past job, or other jobs, are not medical opinions but administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein . . . . In this case, objective findings on consultative exam were largely normal, as were objective findings on plain films and MRI of the spine, as discussed in detail above. The most recent treatment notes of record note no peripheral edema. This opinion is not supported by or consistent with the objective evidence of record, and is given little weight.

Tr. 21 (citations omitted). Similarly, the ALJ entirely failed to discuss, and therefore did not rely upon, the findings of the State Agency Medical Consultants at the initial level. At the reconsideration level, the ALJ found that the State Agency Medical Consultant's reconsideration determination was not based upon "updated evidence" and stated that "this decision in based on updated evidence that was not available for review by the State Agency, and a different interpretation of the evidence

6

reviewed by the State Agency physician." Tr. 23. Therefore, by her own words, the ALJ dismissed the medical consultant's opinion evidence and replaced it with her own interpretation of the evidence. The only other opinion evidence in the record was that of Dr. Arizmendez, who found that Beachum suffered from severe pain in her lumbar spine.

"[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). However, while an ALJ may weigh competing medical opinions, an ALJ "may not substitute her lay opinion for the uncontroverted medical opinion of the only physician who opined concerning the effects" of the claimant's impairments. *Garcia v. Berryhill*, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018). Where, as here, "the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia*, 2018 WL 1513688, at *2 (collecting cases).

The Commissioner points to *Perez v. Barnhart,* 415 F.3d 457, 466 (5th Cir. 2015), for the contention that "an ALJ may discount opinions that are inconsistent with other evidence." However in that case, the ALJ gave "little weight" to a physician's determination that a claimant could not work for five years because that doctor did not perform any clinical examinations on the claimant, and Perez did not involve a determination of the propriety of the claimant's RFC. That is very different from this case, where the ALJ gave medical opinion evidence "little weight" in determining the claimant's RFC without pointing to other controverting opinion evidence in the record.

The Commissioner also relies upon *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995), and *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985), for the notion that the RFC determination

7

is reserved to the Commissioner and is not required to correspond to any particular medical opinion. These cases do not support the Commissioner's contention, as the ALJs in *Martinez* and *Perez* used medical opinion evidence to support their RFC determinations while rejecting other medical opinion evidence. In this case, the ALJ erroneously rejected or reinterpreted opinion evidence to calculate Beachum's RFC without citing any opinion evidence supporting her RFC findings. In other words:

> Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.

*Melvin v. Astrue*, 2010 LW 908495, at *4 (N.D. Miss. Mar. 9, 2010) (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) and *Richardson v. Perales*, 402 U.S. 389, 408 (1991)).

"Procedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 823, 828 (N.D. Tex. 2008) (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). Here, the ALJ rejected all medical opinions regarding Beachum's physical impairments, including her treating physician and the state agency medical consultants and no opinion existed regarding her mental impairments. Therefore, she cited no medical opinion supportive of her RFC determination, relying solely on the raw medical evidence. Even "assuming without deciding that good cause existed to reject [the treating

8

physician's] opinion, there remains no credited physician who opined otherwise. Rather, the ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding [Beachum's] RFC" *See Garcia*, 2018 WL 1513688, at *3 (citations omitted). As such, the ALJ's RFC decision is not supported by substantial evidence.

Moreover, Beachum was prejudiced by this error. The ALJ rejected the opinion of her treating physician, who assigned significantly more RFC limitations than those found by the ALJ. Tr. 21, 477. The ALJ failed to take into consideration the treating physician's findings that Beachum was limited in her ability to sit for only two hours and stand for only two hours in a eight hour work day and the necessity to change positions at will with frequent breaks. 477; *see Garcia*, 2018 WL 1513688, at *3; *Boles v. Colvin*, 2016 WL 4257441, at * 10 (N.D. Tex. May 27, 2016 ) ("It is reversible error for an ALJ to substitute his own medical opinions for those of a treating physician."). Accordingly, the Court finds that Beachum was prejudiced by the ALJ's error.

## V. CONCLUSION

Based upon the foregoing, the undersigned **REVERSES** the final decision of the Commissioner, **REMANDS** this case back to the Social Security Administration for further action consistent with this opinion, and **ENTERS JUDGMENT** in favor of Beachum.

SIGNED this 21st day of September, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE